NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FREEDOM FOUNDATION, a Washington non-profit corporation,

Plaintiff-Appellant,

v.

JOEL SACKS, in his official capacity as Director of the Washington State Department of Labor & Industries; HEATHER NORMOYLE, in her official capacity,

Defendants-Appellees,

WASHINGTON STATE LABOR COUNCIL,

Intervenor-Defendant-Appellee.

No.    23-35089

D.C. No. 3:21-cv-05928-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted September 10, 2024
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and SUNG, Circuit Judges, and RAKOFF,** District Judge.

The Washington State Department of Labor & Industries ("Department") holds bi-weekly orientation programs for its new employees. Pursuant to Washington law and the requirements of the Department's collective bargaining agreement, the Department invites the Washington Federation of State Employees ("WFSE")—the exclusive bargaining representative for the Department's employees—to speak at the orientation programs. After Plaintiff Freedom Foundation asked for, but was denied, comparable access to the orientation programs, Plaintiff brought this action alleging violations of the First Amendment and the Equal Protection Clause. Plaintiff timely appeals the summary judgment entered in favor of Defendants. Reviewing de novo, Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 896 (9th Cir. 2008), we affirm.

1. Because Plaintiff seeks access to the orientation programs, those programs are the relevant forum. See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 801 (1985) ("[I]n defining the forum we have focused on the access sought by the speaker."). The district court correctly labeled the orientation programs a nonpublic forum. The programs are not open to the public, do not feature members of the public as presenters, and are not conducted in public

---

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

places.  See Minn. Voters All. v. Mansky, 585 U.S. 1, 11 (2018) (defining a nonpublic forum as "a space that 'is not by tradition or designation a forum for public communication'" (quoting Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n, 460 U.S. 37, 46 (1983))).

Restricting access to the orientation programs based on WFSE's legal status as the exclusive collective bargaining representative for the Department's employees does not violate Plaintiff's First Amendment rights because a restriction based on status is reasonable and viewpoint neutral.  See Cornelius, 473 U.S. at 806 (stating the legal standard applicable to subject-matter- and speaker-identity-based restrictions on access to nonpublic fora); see also Perry, 460 U.S. at 49–51 (holding that giving access to a union due to its status as exclusive representative, but refusing access to a rival union, was reasonable and did not constitute viewpoint discrimination); Boardman v. Inslee, 978 F.3d 1092, 1110–12 (9th Cir. 2020) (applying Perry and permitting restriction that rested "entirely on [the speakers'] legal status," as opposed to the speakers' viewpoints (emphasis omitted)).

Plaintiff's reliance on Rosenberger v. Rector & Visitors of the University of Virginia, 515 U.S. 819 (1995), and similar cases is misplaced.  Rosenberger

involved entities that held the <u>same</u> legal status (student groups) and a policy that applied only to groups with religious views.[1] <u>See</u> <u>id.</u> at 825–27.

2.  Plaintiff's Equal Protection Clause claim fails because there is a rational basis for treating WFSE and Plaintiff differently with respect to access to the orientation programs.  <u>See</u> <u>Currier v. Potter</u>, 379 F.3d 716, 731–32 (9th Cir. 2004) (applying rational-basis review where "no fundamental right of access ha[d] been violated").  Unlike WFSE, which serves as the employees' exclusive representative and has a statutory and contractual right and obligation to communicate with those employees, Plaintiff has no legal or contractual relationship with the Department's employees and has no official role in Washington's collective bargaining system.

**AFFIRMED.**

---

[1] Plaintiff argues that, at the orientation session held on March 24, 2021, WFSE's representative violated Revised Code of Washington section 41.56.037 by failing to limit the presentation to information about the new employees' exclusive bargaining representative.  As noted above, what the WFSE's representative said is not relevant to our First Amendment analysis because the Department differentiated between speakers based only on their legal status.  We need not and do not decide whether Plaintiff can seek a remedy under state law for the alleged violation.